UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| REYNALDO TREVINO, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 2:16-CV-458-WCL-JEM |
| | ) | |
| ACTIVE GEAR CORP., *et al.*, | ) | |
|     Defendants. | ) | |

## OPINION AND ORDER

This matter is before the Court on Plaintiff's Emergency Motion to Conduct Discovery Prior to the Time Specified in Rule 26(d) [DE 3], filed by Plaintiff on October 31, 2016.

### I. Background

Plaintiff filed this products liability lawsuit on October 31, 2016, for injuries he sustained when his bicycle cracked in half on November 28, 2014. The Complaint names as defendants the bicycle's seller, Active Sports, Inc., and the bicycle's distributor and manufacturer, Active Gear Corp. The Complaint also identifies an "unknown Chinese Manufacturer" that "participated in the manufacture" of the bicycle.

Because the statute of limitations on Plaintiff's claims will expire on November 28, 2016, Plaintiff asks the Court to allow him to conduct limited discovery to determine the identity of the "unknown Chinese Manufacturer." Plaintiff believes either or both Defendants know the manufacturer's identity.

### II. Analysis

The Federal Rules of Civil Procedure generally prohibit discovery from occurring before the parties conduct a Rule 26(f) conference, and here the parties have not held a Rule 26(f) conference.

1

But the Court may enter an order allowing early discovery. Fed. R. Civ. P. 26(d)(1) ("A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except . . . by court order."). Courts apply either a "good cause" standard or a preliminary injunction standard to evaluate a request for early discovery. *See Progressive Cas. Ins. Co. v. FDIC*, 283 F.R.D. 556, 557 (N.D. Iowa 2012) (applying good cause standard and denying motion for early discovery because the requesting party did not "demonstrate any . . . pressing need"). Most courts use the "good cause" standard. *Id.*

Under the good cause standard, the party seeking early discovery must show that the need for the discovery outweighs the prejudice to the responding party. *Monsanto Co. v. Woods*, 250 F.R.D. 411, 413 (E.D. Mo. 2008) (finding good cause where the plaintiff needed to collect seed samples in a patent infringement case before the crop was destroyed).

Here, the need for discovery is great due to the impending statute of limitations deadline, and there is minimal, if any, possible prejudice to Defendants. Plaintiff merely seeks to serve an early, narrowly tailored interrogatory regarding "the identity of anyone who may have designed, manufactured, or distributed the steering mechanism and fork of the bicycle" at issue in Plaintiff's Complaint. By all appearances, Defendants will easily be able to respond, either with information regarding the bicycle's manufacturers or distributors, or with a representation that they do not have that information.

The Court's only hesitation is the fact that Defendants have not even been served with Plaintiff's Complaint, let alone had time to respond to Plaintiff's motion. But because of the extreme time sensitivity, the Court nevertheless finds good cause to allow the early discovery. *E.g.*, *Cook v. Williams*, No. 09-1375, 2009 U.S. Dist. LEXIS 93103 (E.D. Mo. Oct. 6, 2009) (finding good cause

and granting motion for an early discovery deposition even though no defendant had been served with the complaint); *Lamar v. Hammel*, No. 08-02, 2008 U.S. Dist. LEXIS 9774, *4 (S.D. Ill. Feb. 11, 2008) ("the Court[']s broad power over discovery has been found sufficient to permit authorization of discovery before a Rule 26(f) conference in order to aid the identification of unknown defendants"). If Defendants object to the early discovery or believe that responding will in fact prejudice them in some way, they can easily file a motion to that effect.

### III. Conclusion

For the reasons above, the Court **GRANTS** Plaintiff's Emergency Motion to Conduct Discovery Prior to the Time Specified in Rule 26(D) [DE 3]. Plaintiff may serve a single interrogatory on either or both Defendants regarding "the identity of anyone who may have designed, manufactured, or distributed the steering mechanism and fork of the bicycle" that is the subject of Plaintiff's Complaint.

The Court **ORDERS** Plaintiff to serve a copy of this Order with the discovery request. Plaintiff may not serve the discovery request on any Defendant that has not first been served with the Complaint.

The Court **ORDERS** Defendants to respond to Plaintiff's discovery request by whichever of the following two dates comes later: (1) November 10, 2016; or (2) 7 days after service of the discovery.

SO ORDERED this 2nd day of November, 2016.

s/ John E. Martin<br>
MAGISTRATE JUDGE JOHN E. MARTIN<br>
UNITED STATES DISTRICT COURT

cc: All counsel of record